UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SAL GUGGENHEIM,<br><br>*Defendants.* | Civil Action No. 18-16242<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff United States of America's (the "Government") unopposed Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2),[1] ECF No. 5, against Defendant Sal Guggenheim ("Defendant");

and it appearing that this action arises out of Defendant's failure to report his interest in various foreign bank accounts from 2010 to 2013, Compl. at 1, ECF No. 1;

and it appearing that the Government alleges Defendant, a citizen of Passaic, New Jersey, received approximately 1.1 million in Swiss Francs from his father in 2004, and those funds "were infused into Getafix Limited ["Getafix"], an offshore company, in the British Virgin Islands," that was purportedly set up by Defendant's father on Defendant's behalf "to avoid the payment of tax," id. ¶¶ 4, 12-14;

and it appearing Defendant owned all of Getafix's assets, including the following foreign bank accounts: (1) a "Swiss Bank Frey account/Wegelin account" (the "Wegelin Account"); (2) a "Swiss Bank Frey account/Credit Suisse AG account" (the "Credit Suisse AG Account");

---

[1] "[T]he entry of default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In deciding whether entry of default is warranted, the Court treats "the factual allegations in a complaint, other than those as to damages . . . as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and (3) a "Swiss Bank Frey account/Swiss UBS in Zurich bank account" (the "Swiss UBS Account," and together with the Wegelin Account and the Credit Suisse AG Account, the "Foreign Accounts"), see id. ¶¶ 8, 14;

and it appearing that Defendant received the following sums from the Foreign Accounts from 2010 through 2013: $25,000 in 2010; $150,000 in 2011; $115,000 in 2012; and $169,949 in 2013, or $458,949, in total, id. ¶ 15;

and it appearing that Defendant did not report those distributions on his 2011, 2012, and 2013 federal income tax returns, id. ¶ 17;

and it appearing that Defendant failed to file a Report of Foreign Bank and Financial Accounts ("FBAR"), indicating he had an interest in a foreign bank account, as required by the reporting requirements under 31 U.S.C. § 5314 ("Section 5314") of the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 et seq., and its governing regulations, 31 C.F.R. §§ 1010.350, 1010.306(c) (the "BSA Regulations"), for the years 2010 and 2011, see id. ¶¶ 5-7, 20-21;

and it appearing that Defendant did not timely file an FBAR as required for the years 2012 and 2013, id. ¶ 22-23;

and it appearing that on November 16, 2018, the Government commenced the instant action under 31 U.S.C. § 5321(a)(5) of the BSA ("Section 5321(a)") to collect the penalties assessed against Defendant for his failure to report his interest in the Foreign Accounts from 2010 to 2013, Compl. ¶¶ 24-33;

and it appearing that Defendant has failed to answer the Complaint or otherwise respond as of the date of this Order;

and it appearing that on March 28, 2019, the Government requested the Clerk of the Court enter default against Defendant, ECF No. 4, and the Clerk entered default on April 4, 2019;

and it appearing that on September 20, 2019, the Government filed the instant Motion for Default Judgment against Defendant, ECF No. 5;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon Defendant, ECF No. 3;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this matter arises under the reporting requirements contained in 31 U.S.C. § 5314;

and it appearing that the Court has personal jurisdiction over Defendant because the Complaint alleges Defendant resides in this District, see Compl. ¶ 4;

and it appearing that the Court must also determine whether the Government has stated a sufficient cause of action and has proven it is entitled to relief before it enters default judgment, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that the BSA instructs the Secretary of the Treasury to require United States residents and citizens "to keep records and file reports" whenever they "make[] a transaction or maintain[] a relation for any person with a foreign financial agency," 31 U.S.C. § 5314(a);

and it appearing that consistent with that statutory mandate, the BSA Regulations require, among other things, each "United States person" who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country [to] report such relationship to the Commissioner of Internal Revenue for each year in which such relationship

exists" by filing a FBAR on or before June 30 of each calendar year if the account exceeds $10,000, see 31 C.F.R. §§ 1010.306(c), 1010.350(a);

and it appearing Section 5321(a) authorizes the Government to impose a civil monetary penalty "for the willful failure to file an FBAR if (1) the person is a United States citizen [or resident]; (2) the person had an interest in or authority over a foreign financial account; (3) the financial account had a balance exceeding $10,000 at some point during the reporting period; and (4) the person willfully failed to disclose the account or file an FBAR form for the account," United States v. Markus, No. 16-2133, 2018 WL 3435068, at *5 (D.N.J. July 17, 2018) (internal citations omitted);

and it appearing that the Court finds that the Complaint plausibly alleges facts in support of the first three prongs because it alleges: (1) Defendant is a resident of New Jersey and has an interest in and authority over the Foreign Accounts, Compl. ¶¶ 4, 24; (2) the Wegelin Account had a balance exceeding $10,000 during 2010, 2011, and 2012; (3) the Credit Suisse AG Account had a balance exceeding $10,000 during 2012; and (4) the Swiss UBS Account had a balance exceeding $10,000 during 2012 and 2013, id. ¶ 8;

and it appearing that for these reasons, Defendant had a duty to report his interest in the Foreign Accounts before June 30 of each year pertaining to the respective Accounts, see 31 U.S.C. § 5314(a); 31 C.F.R. §§ 1010.306(c), 1010.350(a);

and it appearing that Section 5321 does not define the term "willfulness" but courts have interpreted it to "denote[] that which is intentional, or knowing, or voluntary, as distinguished from accidental," Bedrosian v. United States, 912 F.3d 144, 152 (3d Cir. 2018) (internal quotation marks and citation omitted), and includes "both knowing and reckless violations, [which] 'may be proven through inference from conduct meant to conceal or mislead sources of income or other financial

4

information,'" United States v. Lanz, No. 16-1694, 2019 WL 7343473, at *3 (D.N.J. Dec. 31, 2019) (quoting United States v. Williams, 489 F. App'x 655, 658 (4th Cr. Cir. 2012)); Bedrosian, 912 F.3d at 153 (finding that willfulness covers "not only knowing violations . . . but reckless ones as well") (internal quotation marks and citations omitted);

and it appearing that "a person 'recklessly' fails to comply with an IRS filing requirement when he or she '(1) clearly ought to have known that (2) there was a grave risk that [the filing requirement was not being met] and if (3) he [or she] was in a position to find out for certain very easily,'" Bedrosian, 912 F.3d at 153 (quoting United States v. Carrigan, 31 F.3d 130, 134 (3d Cir. 1994));

and it appearing that the Complaint alleges: (1) Defendant received distributions from the Foreign Accounts by way of an offshore company, yet did not report those distributions on his 2011, 2012, and 2013 federal income tax returns, Compl. ¶ 17; (2) Defendant similarly did not disclose that he had an interest in the Foreign Accounts on his federal tax returns for the years 2010, 2011, 2012, and 2013, see id. ¶ 18; and (3) Defendant was aware of the requirement to file FBARs, id. ¶ 19;

and it appearing that based on those allegations, the Court finds the Complaint pleads a sufficient basis to determine Defendant acted willfully in failing to file FBARs reporting his interest in the Foreign Accounts because they support an inference Defendant engaged in "conduct meant to conceal or mislead sources of income or other financial information," see Lanz, 2019 WL 7343473, at *3; see also Williams, 489 F. App'x at 659 (explaining that the defendant's signature on his tax returns "is prima facie evidence that he knew the contents of the return, and at a minimum line 7a's directions to '[s]ee instructions for exceptions and filing requirements for Form TD F 90-22.1' put [him] on inquiry notice of the FBAR requirement" and his failure to review his

tax returns constituted "a conscious effort to avoid learning about reporting requirements") (internal citations omitted); United States v. McBride, 908 F. Supp. 2d 1186, 1206 (D. Utah 2012) (finding the defendant willfully failed to comply with FBAR requirement where he "signed his federal tax returns," which "contained a plain instruction informing individuals that they have they duty to report their interest in any foreign bank accounts held during the taxable year");

and it appearing that although the Court accepts the facts in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that to prove it is entitled to relief for Defendant's willful violations of the reporting requirements, the Government attached a certification from an IRS FBAR Penalty Coordinator, who assessed the following civil penalties against him for the years 2010, 2011, 2012, and 2013 under Section 5321: $100,000 for the principal statutory penalty; $16,109.01 in late fees under 31 U.S.C. § 3717(e)(2); and $2,684.84 in accrued interest under Section 3717 as of July 25, 2019, for a total of $118,793.85, ECF No. 5.2;

and it appearing that based on the Government's motion and exhibits, the Court finds the Government has demonstrated a basis for relief;

and it appearing that after a court is satisfied that the prerequisites for entering default have been met, it must consider the following three factors: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that the Government would suffer prejudice if the Court denied default because denial would further delay the Government's collection efforts under Section 5321 for penalties arising from Defendant's failure to comply with the FBAR requirements;

and it appearing that, accepting the allegations in the Complaint as true, Defendant does not appear to have a meritorious defense, see HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (weighing this factor in the plaintiff's favor where the defendant failed to respond with "evidence or facts containing information that could provide the basis for a meritorious defense");

and it appearing that Defendant's failure to respond to the Complaint—which contains allegations of substantial reporting violations—for over one year demonstrates culpable conduct, see Slover v. Live Universe, Inc., No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is . . . presumed culpable where it has failed to answer, move, or otherwise respond.");

and it appearing that all three factors support the entry of default judgment;

**IT IS** on this 20th day of April, 2020;

**ORDERED** that the Government's Motion for Default Judgment, ECF No. 5, is **GRANTED**; and it is further

**ORDERED** that judgment is entered against Defendant in the amount of $118,793.85, comprised of the following:

- $100,000 for Defendant's willful violation of the FBAR statute;
- $16,109.01 in late fees;
- $2,684.84 in accrued interest; and it is further

**ORDERED** that judgment is entered against Defendant for any additional late fees, accrued interest, and any further additions permitted under the applicable statute.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
